UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF FOSS OFFSHORE WIND HOLDINGS, LLC, AS ALLEGED BAREBOAT CHARTERER, AND FOSS MARITIME COMPANY, LLC, AS ALLEGED SUB-BAREBOAT CHARTERER, OF THE VESSEL REBEKAH, OFFICIAL NUMBER 623866, AND HER ENGINES, MACHINERY, GEAR, TACKLE, APPAREL AND ALL OTHER APPURTENANCES, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | IN ADMIRALTY<br><br>NO.<br><br>**LIMITATION PLAINTIFFS' COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** |

COME NOW, Limitation Plaintiffs, Foss Offshore Wind Holdings, LLC ("FOWH") and Foss Maritime Company, LLC ("Foss Maritime") (collectively "Limitation Plaintiffs"), as alleged bareboat charterer and alleged sub-bareboat charterer of the REBEKAH, official no. 623866 (the "Vessel"), in a cause of exoneration from or limitation of liability, civil and maritime, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501, *et seq.*, and hereby allege and aver as follows:

LIMITATION PLAINTIFFS'
COMPLAINT - 1
NO.:

**LISKOW & LEWIS**
**Raymond T. Waid**
**Elizabeth A. Strunk**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108 Facsimile
rwaid@liskow.com

1.  Limitation Plaintiff, Foss Offshore Wind Holdings, LLC is a Washington limited liability company, with its principal place of business in Seattle, Washington.

2.  Limitation Plaintiff, Foss Maritime Company, LLC is a Washington limited liability company, with its principal place of business in Seattle, Washington.

3.  This Court has jurisdiction over this suit pursuant to 28 U.S.C. §1333 because this is a case brought under this Court's admiralty and maritime jurisdiction.

4.  Venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules because Foss Maritime has been sued by Stephen Dufrene in King County Superior Court which is within this District.

5.  This Limitation Action is filed timely under Rule F(1) because it was filed within six months of Limitation Plaintiffs' receipt of written notice of a claim subject to limitation arising out of the above described incident.

6.  Stephen Dufrene has alleged in his suit against Foss Maritime that it was the owner of the Vessel at all relevant times. Likewise, Tradewinds Towing, LLC and Magazine Tug, LLC (potential claimants identified below) have alleged that FOWH was the bareboat charterer of the Vessel at all relevant times. Thus, to the extent there is a factual finding that Limitation Plaintiffs were the bareboat charterers and/or owners and/or owners pro hac vice and/or operators of the Vessel they are entitled to limit their liability "as owner" pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq*.

7.  On or about May 2023, Magazine Tug, LLC ("Magazine Tug") was the owner of the Vessel, and upon information and belief, Tradewinds Towing, LLC ("Tradewinds") was the operator of the Vessel.

8.  On or about April 3, 2023, Magazine Tug and FOWH entered into a Purchase and Sale Agreement for FOWH to purchase the Vessel. However, the Vessel was unable to be

LIMITATION PLAINTIFFS'
COMPLAINT - 2
NO.:

**LISKOW & LEWIS**
**Raymond T. Waid**
**Elizabeth A. Strunk**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108 Facsimile
rwaid@liskow.com

delivered to FOWH in a timely fashion so FOWH and Magazine Tug entered into a Bareboat Charter for the Vessel. On or about May 1, 2023, Magazine Tug entered into certain contracts with FOWH to bareboat charter the Vessel to FOWH.

9. On or about May 1, 2023, FOWH executed a Sub-Bareboat Charter of the Vessel to Foss Maritime.

10. Tradewinds has alleged that FOWH was the bareboat charterer of the Vessel on or about May 5, 2023. Pursuant to Article 3 and 4 of the Bareboat Charter—which states that the charter term does not begin until the Vessel has been delivered to FOWH—FOWH avers that on or about May 5, 2023, the Vessel was not delivered to FOWH, and the charter term had not begun, because it had not been placed into FOWH's exclusive possession and control. Similarly, the term of the Sub-Bareboat Charter from FOWH to Foss Maritime did not begin until FOWH delivered the Vessel to Foss Maritime. FOWH could not deliver the Vessel to Foss Maritime prior to the Vessel being delivered to FOWH. Nevertheless, Tradewinds and Magazine Tug dispute these facts. This Limitation Action is being filed to preserve Limitation Plaintiffs' rights in the event the Bareboat Charter and Sub-Bareboat Charter are determined to have commenced at the time of Stephen Dufrene's incident (as described further below).

11. To the extent Limitation Plaintiffs are found to have been the owner, and/or owner pro hac vice and/or operator and/or charterer, they have at all material times exercised due diligence to make and to maintain the Vessel in all respects in a seaworthy condition; and at all times hereinafter described, the Vessel was in fact tight, staunch, strong, and fully and properly equipped, and manned, well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel and was in all respects seaworthy, fit and proper for the service in which the Vessel was engaged.

LIMITATION PLAINTIFFS'
COMPLAINT - 3
NO.:

LISKOW & LEWIS
Raymond T. Waid
Elizabeth A. Strunk
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108 Facsimile
rwaid@liskow.com

12. On or about May 5, 2023, employees of Tradewinds were performing work to install a new tow wire on the Vessel, which was docked at Tradewinds' facility in Morgan City, Louisiana.

13. During the installation process, Stephen Dufrene, Chief Engineer, allegedly sustained an injury to his left foot (the "Incident").

14. Stephen Dufrene is at fault for the Incident for the following non-exclusive reasons:

    a. Stephen Dufrene's negligence, fault, and/or assumption of risk, and failure to mitigate;

    b. Failure to use appropriate equipment for the work;

    c. Failure to use due care under the circumstances; and

    d. All other acts of negligence, fault, strict liability and unseaworthiness that may be proven at trial.

15. Limitation Plaintiffs are in no way at fault for the Incident. The Incident was caused by the fault and negligence of Stephen Dufrene.

16. The Incident, any physical damages, injuries, contingent losses and all other losses, damages, expenses, and costs resulting therefrom were not caused or contributed to by any fault, negligence, unseaworthiness, or lack of due care on the part of Limitation Plaintiffs, the Vessel or any person for whom or which Limitation Plaintiffs were or might be responsible and/or even if so, which is denied, were the result of an act or omission for which Limitation Plaintiffs were entitled to exoneration and/or limitation. To the contrary, the Incident, as well as any losses, injuries, and/or damages allegedly sustained by any person, firm, corporation, or legal entity arising out of the Incident were due to and/or caused by the fault, neglect, lack of due diligence,

LIMITATION PLAINTIFFS'
COMPLAINT - 4
NO.:

LISKOW & LEWIS
Raymond T. Waid
Elizabeth A. Strunk
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108  Facsimile
rwaid@liskow.com

negligence, want of due care, acts, and/or omissions of others for whom Limitation Plaintiffs are not responsible.

17. The Incident, any physical damage, injuries, contingent losses and all other losses, damages, expenses and costs resulting therefrom were caused and occurred without the privity or knowledge of Limitation Plaintiffs, and as such, Limitation Plaintiffs are entitled to exoneration and/or limitation.

18. On August 22, 2023, Stephen Dufrene filed a lawsuit, *Stephen Dufrene v. Foss Maritime Company and Tradewinds Towing Company*, Cause No. 23-2-16972-7, in the Superior Court of the State of Washington in and for the County of King against Foss Maritime and Tradewinds for damages allegedly sustained from the Incident.

19. Limitation Plaintiffs have denied all of the allegations in Dufrene's lawsuit.

20. Upon information and belief Tradewinds and/or Magazine Tug intend to make a claim against FOWH and/or Foss Maritime for contractual and tort indemnity.

21. Limitation Plaintiffs aver that the following persons and entities are the known potential claimants in this Limitation Action:

Magazine Tug, LLC
725 Joseph Street, Suite A
New Orleans, LA 70115

Tradewinds Towing, LLC
8603 Oak Street
New Orleans, LA 70118

Stephen Dufrene
c/o Brian Beckcom Pro Hac Vice
Brendan Fradkin Pro Hac Vice
VB Attorneys
6363 Woodway, Suite 400
Houston, Texas 77057
713-224-7800

LIMITATION PLAINTIFFS'
COMPLAINT - 5
NO.:

**LISKOW & LEWIS**
**Raymond T. Waid**
**Elizabeth A. Strunk**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108  Facsimile
rwaid@liskow.com

22. Limitation Plaintiffs have a reasonable basis upon which to believe that it is possible that the claims that will be asserted and prosecuted against it will be in amounts exceeding the total sum it may be required to pay under the laws of the United States relating to the exoneration from or limitation of liability.

23. The value of Limitation Plaintiffs' interest in the Vessel at the relevant time was $2,500,000.00 and there was no pending freight.

24. In connection with this Limitation Complaint, Limitation Plaintiffs submit security reflecting their interest in the Vessel and pending freight. Limitation Plaintiffs claim entitlement to a credit for any sums previously paid or incurred with respect to this Incident.

25. Should it later appear that Limitation Plaintiffs are or may be liable and that the amount of value of their interest in the Vessel, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share pro rata in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the general maritime law, and the rules and practices of this Honorable Court.

26. Limitation Plaintiffs claim exoneration from liability for any and all injuries, losses, or damages occurring as a result of the aforesaid Incident and for any and all claims therefore. Limitation Plaintiffs allege that they have valid defenses therefore on the facts and the law. Alternatively, Limitation Plaintiffs without admitting but affirmatively denying all liability, claim the benefit of the limitation of liability provided for in 46 U.S.C. §30501 *et seq.* and the various statutes supplemental thereto and amendatory thereof, and that Limitation Plaintiffs deposit of security for the benefit of potential claimants with this Honorable Court.

27. Limitation Plaintiffs further specifically aver that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only in their behalf, but

LIMITATION PLAINTIFFS'
COMPLAINT - 6
NO.:

LISKOW & LEWIS
Raymond T. Waid
Elizabeth A. Strunk
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108 Facsimile
rwaid@liskow.com

also on behalf of their liability underwriters who shall be entitled to exoneration from or limitation of liability to the same extent as Limitation Plaintiffs, and whose liability in the premises, if any, shall accordingly not exceed liability, if any.

28. All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Limitation Plaintiffs pray that:

1. This Court issue an Order accepting due appraisal of the amount or value of Limitation Plaintiffs' interest in the Vessel and freight for the voyage in question;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiffs a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiffs an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiffs and their underwriters, and/or against the Vessel, her officers and crew or against any employee

LIMITATION PLAINTIFFS'
COMPLAINT - 7
NO.:

LISKOW & LEWIS
Raymond T. Waid
Elizabeth A. Strunk
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108 Facsimile
rwaid@liskow.com

or property of Limitation Plaintiffs except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid Incident;

4. The Court in this proceeding will adjudge that Limitation Plaintiffs and their underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the Incident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid Incident, or if Limitation Plaintiffs and their underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiffs interest in the Vessel and their pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the Incident, and that Limitation Plaintiffs and their underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Plaintiffs and their underwriters from all further liability; and

5. Limitation Plaintiffs may have such other, further or different relief as may be just in the circumstances.

LIMITATION PLAINTIFFS'
COMPLAINT - 8
NO.:

**LISKOW & LEWIS**
**Raymond T. Waid**
**Elizabeth A. Strunk**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108 Facsimile
rwaid@liskow.com

1  Dated this 21st day of February, 2024.

LISKOW & LEWIS

BY:  */s/ Raymond T. Waid*

Raymond T. Waid, WSBA # 53671
Elizabeth A. Strunk, WSBA #57894
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108  Facsimile
rwaid@liskow.com

*Attorneys for Foss Offshore Wind Holdings, LLC and Foss Maritime Company, LLC*

LIMITATION PLAINTIFFS'
COMPLAINT - 9
NO.:

**LISKOW & LEWIS**
**Raymond T. Waid**
**Elizabeth A. Strunk**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108  Facsimile
rwaid@liskow.com