1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE THE M/V REBEKAH, OFFICIAL NUMBER 623866, AND HER ENGINES, MACHINERY, GEAR, TACKLE, APPAREL, AND ALL OTHER APPURTENANCES | CASE NO. 24-cv-00237 <br><br> ORDER GRANTING IN PART CLAIMANT DUFRENE'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION |

## 1.  INTRODUCTION

Before the Court is Claimant Steven Dufrene's Emergency Motion for Preliminary Injunction. Dkt. 28. Dufrene seeks "entry of a temporary restraining order and/or preliminary injunction, or an order to preserve evidence." *Id*. at 1–2. He also requests expedited discovery. The Court heard oral argument on July 18, 2024, and ruled from the bench after considering the arguments of counsel, the briefing, the record, and the law. This Order memorializes the Court's July 18 bench ruling. In sum, the Court GRANTS Dufrene's request for a preservation order in part and DENIES his requests for a preliminary injunction and expedited discovery.

ORDER - 1

## 2. BACKGROUND

In May 2023, Claimant Dufrene worked for Limitation Petitioner Tradewinds Towing, LLC as an engineer working on marine vessels. On May 5, 2023, as Dufrene replaced a winch on the M/V Rebekah, the winch allegedly malfunctioned and crushed his foot. Doctors had to amputate several of Dufrene's toes.

In August 2023, Dufrene sued Tradewinds in King County Superior Court. He also sued Foss Maritime LLC, alleging that Foss Maritime was liable for his injuries as the owner of the M/V Rebekah. Dkt. 15-1 (King County complaint). Dufrene asserted claims against the defendants for negligence, unseaworthiness, and maintenance and cure. *See id*.

On February 21, 2023, Tradewinds filed this action in federal court under the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*. Dkt. No. 1 in Case No. 2:24-cv-00246. Generally, under the Act, when the owner[1] of a vessel faces liability related to the vessel, they may petition the federal district court for exoneration or a limitation of liability to the value of the vessel plus any pending freight. *See* 46 U.S.C. §§ 30523, 30524. As a "limitation petitioner," Tradewinds alleges that it is entitled to exoneration of liability on Dufrene's claims. In the alternative, Tradewinds asks the Court to limit its liability to the value of the M/V Rebekah.

On February 22, 2023, Foss Maritime and its subsidiary Foss Offshore Wind Holdings, LLC (collectively, "Foss") also filed a limitation action in this Court. Dkt.

---

[1] The term "owner" includes "a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement." 46 U.S.C. § 30501(2).

No. 1. Like Tradewinds, Foss petitions the Court to either exonerate it or limit its liability for Dufrene's injuries to the value of the M/V Rebekah. The Court consolidated the pending limitation cases involving the M/V Rebekah. Dkt. No. 12. Then, following Rule F of the Supplemental Rules to the Federal Rules of Civil Procedure for Admiralty or Maritime Claims, the Court enjoined Dufrene's action in King County Superior Court and required Dufrene to file a notice of his claims in this Court. *See* Dkt. No. 10. He did. The King County action remains stayed.

While the parties seem to dispute who owned and controlled the M/V Rebekah when Dufrene's foot was crushed, everyone agrees that Foss owns the M/V Rebekah now. On June 20, 2024, Foss informed Dufrene that it planned to bareboat charter the M/V Rebekah to a non-party entity. Dkt. No. 28-1 at 4. A bareboat charter "constitutes a near outright transfer of [the vessel's] ownership." *See Tidewater Barge Lines, Inc. v. The Port of Lewiston, et al.*, No. 03-cv-1225-ST, 2005 WL 3992463, at *7 (D. Or. Oct. 21, 2005) (cleaned up). At the hearing, Foss confirmed that it is negotiating the terms of a bareboat charter that it expects to be finalized within the next couple of weeks. The parties also confirmed that the M/V Rebekah, and presumably the winch, have been in operation since Dufrene's accident last year.

Dufrene served Foss with discovery requests in the underlying action before the case was stayed, but he has neither inspected nor directed any expert to inspect the winch. The winch is still attached to the M/V Rebekah. On July 12, 2024, Dufrene filed this motion, asking the Court to temporarily enjoin the bareboat charter, or to issue a preservation order. He also asks for expedited discovery.

### 3. DISCUSSION

Beginning with Dufrene's request for a temporary restraining order or preliminary injunction, the Court denies that request. Preliminary injunctions are an "extraordinary remedy never awarded as a matter of right," and Dufrene does not meet that lofty standard here because he has not shown a sufficient likelihood of success on the merits or that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–24 (2008). Dufrene requests a preservation order in the alternative. Dkt. 28 at 11.

When considering whether to issue a preservation order, district courts in this circuit use one of two tests. The first test asks whether "the order is necessary and not unduly burdensome." *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, No. C12–2082JLR, 2013 WL 566949, at*12 (W.D. Wash. Feb. 13, 2013) (quoting *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1072 (C.D. Cal. 2009) (quotation omitted)). The second test is a balancing test that weighs these three factors:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence;
>
> (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and
>
> (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*Id.* (reformatted to list); *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1072. As several courts have found, "[t]he difference between these two tests . . . is more apparent

than real." *Fluke Elecs. Corp.*, 2013 WL 566949, at*12 (quoting *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1072) (quotation omitted)).

After considering the three-factor balancing test, the Court finds that a preservation order is warranted. First, the Court is concerned that the evidence will not be maintained or preserved without an order requiring as much. Should the bareboat charter go through, Foss will transfer possession and control of the winch to a non-party who has no duty to preserve evidence in this case. Moreover, no one disputes that the prospective bareboat charterer would have the authority to alter or even destroy the winch. Thus, the Court is concerned that the winch will be altered or destroyed if the bareboat charter goes through without a preservation order in place.

Turning to the second factor, Dufrene will likely face irreparable harm if the Court does not order preservation. The winch is a key piece of evidence in Dufrene's case against Tradewinds and Foss. Dufrene alleges that the winch malfunctioned and caused his injuries. If anyone alters or destroys the winch before his expert(s) can examine it, Dufrene will likely face irreparable harm in the prosecution of his claims against Tradewinds and Foss.

Finally, the Court finds that the third factor—which considers the burden and cost of preserving evidence—also favors a preservation order. The limited nature of the Court's Preservation Order, detailed below, greatly reduces any risk of harm to Foss. The Court's Preservation Order does not enjoin the charter and imposes limitations on the winch for only one month. The Court also notes that Foss has not finalized the charter yet. Indeed, Foss clarified during the hearing that the

ORDER - 5

charter may not be finalized for another couple of weeks. Given the timeline of the charter negotiations and the scope of the Court's preservation order below, the burden of preserving the winch is minimal.

After considering the three-factor balancing test, the Court finds that a preservation order is appropriate. The Court also finds that a preservation order on the terms stated below "is necessary and not unduly burdensome." *See Fluke Elecs. Corp.*, 2013 WL 566949, at*12.

Dufrene also requests expedited discovery under Rule 26(f). He asserts that expedited discovery is necessary for two reasons: (1) it will allow the parties to gather evidence prior to the preliminary injunction hearing, and (2) it will allow his experts to gather information about the winch before they inspect it. Dkt. 28 at 15. The Court disagrees.

The first reason is now moot, as the Court has issued a preservation order rather than a preliminary injunction. As for the second reason, the Court is not convinced that it justifies expedited discovery, especially where no expert has stated that they must review the requested discovery before inspecting the winch. Moreover, Dufrene's experts can update their opinions and reports as they learn additional information through the regular course of discovery.

### 4.   CONCLUSION

The Court ORDERS as follows:

4.1    The Court GRANTS IN PART Dufrene's Motion, Dkt. No. 28, and issues the Preservation Order below.

4.2     The Court denies Dufrene's request for a preliminary injunction or temporary restraining order, as well as his request for expedited discovery.

4.3     The Parties must complete a Joint Status Report that complies with Rule 16 and LCR 16 within 14 days of the date of this Order.  In addition to Rule 16's requirements, the Parties must *briefly* explain their respective, current positions on the following issues in the Joint Status Report:

- Whether the M/V Rebekah was in the water when the injury occurred.
- The M/V Rebekah's owner when the injury occurred.
- The M/V Rebekah's operator when the injury occurred.
- The M/V Rebekah's bareboat charterer (if any) and sub-bareboat charterer (if any) when the injury occurred.

## 5.  PRESERVATION ORDER

IT IS FURTHER ORDERED: No person may remove, alter, destroy, or otherwise tamper with the winch aboard the M/V Rebekah, official number 623866, for 30 days running from the date of this Order. This Order does not prevent use of the winch for regular operations on the M/V Rebekah.

Dated this 26th day of July, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 7