UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE the M/V REBEKAH, Official No. 623866, and HER ENGINES, MACHINERY, GEAR, TACKLE, APPAREL, and APPURTENANCES

C24-0237 TSZ
(consolidated with C24-0246 JNW)

ORDER

In this matter, various entities seek, pursuant to 46 U.S.C. §§ 30501–30530 (the "Limitation Act"), to limit their liability for injuries suffered by Stephen Dufrene when a winch aboard the M/V REBEKAH allegedly malfunctioned and crushed his foot. All parties agree that the incident occurred on May 5, 2023. See Compl. at ¶¶ 12–13 (docket no. 1); Dufrene Claim at ¶ 5 (docket no. 15); Ans. & Countercl. at 7, ¶ 6 (docket no. 19). On that date, the M/V REBEKAH was apparently owned by Magazine Tug, LLC ("Magazine"), which had entered into an agreement to sell the vessel to Foss Offshore Wind Holdings, LLC ("Foss Offshore" or "FOWH"). See Compl. at ¶ 7–8 (docket no. 1); Ans. & Countercl. at 2–3, ¶¶ 7–8 (docket no. 19). But see Dufrene Claim at Ex. 1 (docket no. 15-1 at 3) (alleging that the vessel was owned by Foss Maritime Company, LLC). In advance of the purchase, Foss Offshore entered into a bareboat charter agreement with Magazine, and it sub-chartered the vessel to Foss Maritime Company, LLC ("Foss Maritime"). See Compl. at ¶¶ 8–9 (docket no. 1); Ans. & Countercl. at 2–3,

ORDER - 1

¶ 8 (docket no. 19).  The parties dispute whether, on the date that Dufrene was injured, Tradewinds Towing, LLC ("Tradewinds") was the operator of the M/V REBEKAH.  Tradewinds and Dufrene agree, however, that Tradewinds was Dufrene's employer at the time of the accident.  *See* Dufrene Claim at Ex. 1 (docket no. 15-1 at 3); Compl. at ¶ 3 (C24-246 JNW, docket no. 1).  In this consolidated action, Foss Offshore and Foss Maritime (collectively, the "Foss Entities"), Magazine, and Tradewinds each seek to limit their respective liability to the fair market value of the vessel, which is estimated to be $2.5 million.  *See* Compl. at ¶ 23 (docket no. 1); Scafidi Decl. at ¶ 9 (docket no. 1-3).  Having reviewed all papers filed in support of and in opposition to the pending motions, the Court ORDERS as follows:

      (1)    Dufrene's motion, docket no. 45, for leave to file a brief in response to a notice of supplemental authority submitted by the Foss Entities, docket no. 44, is DENIED.  The Foss Entities provided a copy of an opinion in which the United States Court of Appeals for the Ninth Circuit vacated a decision cited by Dufrene in his reply in support of his motion to lift the stay. *See* Notice of Supp. Auth. & Ex. A (docket nos. 44 & 44-1); *see also* Dufrene Reply at 2–3 (docket no. 40) (citing *In re Live Life Bella Vita LLC*, No. 22-cv-9244, 2023 WL 4495236 (C.D. Cal. June 8, 2023), *vacated*, 115 F.4th 1188 (9th Cir. 2024) ("*Live Life*")).  The Court has carefully reviewed both the district court's and the Ninth Circuit's rulings, and it would not benefit from further briefing by either Dufrene or the Foss Entities.

      (2)    Dufrene's motion to lift stay, docket no. 35, and to permit him to further pursue his claims against Foss Maritime and Tradewinds in King County Superior Court,

ORDER - 2

1   *see* Dufrene Claim at Ex. 1 (docket no. 15-1), is DENIED.  As in *Live Life*, in this matter,

2   although Dufrene was the only individual injured during the incident at issue, the claims

3   and counterclaims alleged by the Foss Entities on one side and Magazine and Tradewinds

4   on the other side preclude the Court from declining to exercise the exclusive federal

5   jurisdiction conferred by the Limitation Act.  *See Live Life*, 115 F.4th at 1196–1200.

6   When only a single claimant is involved, a federal court may permit such person to

7   pursue in state court an action for damages against a vessel owner or charterer, but here,

8   as in *Live Life*, multiple claimants exist, each of which seeks indemnification or

9   contribution, as well as attorney's fees.  *See id.* at 1198–99.  To do as Dufrene asks and

10  dissolve the earlier injunction against commencement or prosecution of lawsuits relating

11  to the May 2023 incident aboard the M/V REBEKAH, *see* Order at ¶ 5 (docket no. 10),

12  risks exposing to excess liability any parties that the Limitation Act protects.  Dufrene's

13  request must therefore be denied.

14          (3)     The motion brought by the Foss Entities, Magazine, and Tradewinds,

15  docket no. 42, for leave to request oral argument regarding Dufrene's motion to lift stay,

16  is STRICKEN as moot.

17          (4)     The motion to transfer venue, docket no. 36, brought by the Foss Entities,

18  Magazine, and Tradewinds, is DENIED.  Venue lies in this district by virtue of Dufrene

19  having sued Foss Maritime and Tradewinds in King County Superior Court prior to the

20  filing of these consolidated Limitation Act cases.  *See* Fed. R. Civ. P. Supp. R. for

21  Admiralty or Maritime Claims F(9) [hereinafter "Supp. R. F(9)"].  For the convenience of

22  the parties and witnesses, and if "in the interest of justice," the Court could transfer the

23

ORDER - 3

action to any district, including the Eastern District of Louisiana,[1] as proposed by the moving parties, see id., but the Court concludes that, to the extent that the standards governing transfers pursuant to 28 U.S.C. § 1404(a) apply,[2] the relevant factors weigh against a transfer. All parties chose this forum, with Dufrene filing in King County Superior Court, the Foss Entities commencing this action, and Magazine and Tradewinds initiating the now-consolidated matter, C24-246 JNW. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (identifying "the plaintiff's choice of forum" as a consideration in deciding whether to grant a change of venue pursuant to § 1404(a)). Both of the Foss Entities are domiciled in Washington, and therefore have the pertinent "contacts with the forum." See id.; see also Compl. at ¶¶ 1–2 (docket no. 1) (averring that each of the Foss Entities is a Washington limited liability company with its principal

---

[1] Contrary to the assertion of the Foss Entities, Magazine, and Tradewinds, see Mot. at 5 (docket no. 36), this matter could not have been brought in the Eastern District of Louisiana. See Supp. R. F(9) ("The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; of, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim."). Thus, a transfer of this action to the Eastern District of Louisiana could not be effectuated pursuant to 28 U.S.C. § 1406(a), which permits a change of venue only to a district in which the case "could have been brought." Supplemental Rule F(9) does not, however, contain a similar restriction concerning where a Limitation Act proceeding may be transferred.

[2] Neither the Supreme Court nor any Circuit Court of Appeals has addressed the issue, but various district courts have ruled that the same factors applied in connection with venue changes pursuant to 28 U.S.C. § 1404(a) also govern with respect to transfers under Supplemental Rule F(9). See In re United States, 491 F. Supp. 3d 1036, 1041 n.29 (D. Utah 2020) (citing In re Norfolk Dredging Co., 240 F. Supp. 2d 532 (E.D. Va. 2002), In re TLC Marine Servs., Inc., 900 F. Supp. 54 (E.D. Tex. 1995), and In re Am. President Lines, Ltd., 890 F. Supp. 308 (S.D.N.Y. 1995)).

ORDER - 4

place of business in Seattle).  The parties' choice of forum and the Foss Entities' presence in the forum favor the matter remaining in Washington.

With respect to familiarity with the governing law, any differences in the costs of litigation, the availability of process to compel the attendance of unwilling non-party witnesses, ease of access to sources of proof, and any relevant public policy of the forum, *see Jones*, 211 F.3d at 498–99, the movants have not shown how the Eastern District of Louisiana would be more convenient than this District.  Although Dufrene worked for Tradewinds and received initial medical care in Louisiana, he resides in and received additional medical care in Virginia.  None of the Virginia-based treatment providers are subject to process in either the Eastern District of Louisiana or this District.  Contrary to the moving parties' suggestion, the locations of the parties' employees and corporate representatives are not particularly relevant because their participation need not be secured by subpoena.  Moreover, their usual places of abode fail to support the requested change of venue; Tradewinds' workers might be in or frequently travel to Louisiana, but the Foss Entities' personnel are present in this District or in California.  *See* Mot. at 7–8 (docket no. 36).  Finally, the movants themselves acknowledge that access to documents and the vessel, which is currently in the New England area, does not weigh in favor of a change in venue.  *See id.* at 8.  The interests of justice would not be served by transferring this matter to the Eastern District of Louisiana.[3]

---

[3] Contrary to the moving parties' assertion, *see* Mot. at 6 (docket no. 36), the convenience of counsel is not an appropriate consideration.

ORDER - 5

(5) The motion for entry of default, docket no. 22, brought by the Foss Entities, is GRANTED as follows. Default is hereby ENTERED against all persons or entities who have not filed or otherwise submitted a claim in this matter against Foss Offshore Wind Holdings, LLC and/or Foss Maritime Company, LLC, relating to the incident aboard the M/V REBEKAH on May 5, 2023. See Fed. R. Civ. P. 55(a); see also Fed. R. Civ. P. Supp. R. for Admiralty or Maritime Claims F(4)–(5).

(6) The motion for partial summary judgment, docket no. 47, brought by the Foss Entities was improperly noted for the day it was filed. The motion is RENOTED to January 31, 2025. Any response shall be filed by January 27, 2025, and any reply shall be filed by the noting date.

(7) The parties are DIRECTED to meet and confer and to file, within twenty-one (21) days of the date of this Order, a Joint Status Report in the form required by Federal Rule of Civil Procedure 26(f)(3) and Local Civil Rule 26(f)(1).

(8) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 6th day of January, 2025.

Thomas S. Zilly
United States District Judge

ORDER - 6